## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**JERRY DARST**,

4027 Kemper Hollow Road
Gallipolis, Ohio 45631

                    **PLAINTIFF**,

    v.

**MEIGS COUNTY, OHIO**,

C/O Meigs County Prosecuting Attorney
James Stanley
117 West 2nd Street
Pomeroy, Ohio 45769

and,

**SCOTT FITCH**, *in both his official and individual capacities*,

104 East Second Street
Pomeroy, Ohio 45769

                    **DEFENDANTS**.

CASE NO. 2:24-cv-1150

**COMPLAINT WITH JURY DEMAND**

## I.     NATURE OF THE CLAIMS

1.    This is a civil action by Plaintiff Jerry Darst against his former employer, Defendants Meigs County, Ohio, and his former supervisor, Scott Fitch who is the elected sheriff of Meigs County, Ohio.  Defendants unlawfully terminated Mr. Darst's employment as a deputy sheriff because of his age.

2.    Accordingly, Mr. Darst now files this civil action.  He seeks to recover for the harm he has suffered, to punish Defendants for their conduct, and to deter Defendants from ever perpetrating their conduct against any other person.

## II.    JURISDICTION AND VENUE

3.      Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims made under federal law because those claims constitute a civil action arising under the Constitution, laws, or treaties of the United States.

4.      Pursuant to Ohio Revised Code Sections 2307.381-.385, and the Due Process Clauses of the federal and Ohio Constitutions, this Court has personal jurisdiction over all defendants because they are residents of, and have continuous and systematic contacts with, the State of Ohio.

5.      Pursuant to 28 U.S.C. § 1391, this Court is the appropriate venue because the Southern District of Ohio is the judicial district in which a substantial part of the events or omissions giving rise to the claims for relief occurred.

6.      Pursuant to Rule 82.1 of the Local Civil Rules of the United States District Court for the Southern District of Ohio, the Eastern Division at Columbus is the appropriate division because it serves the county in which a substantial part of the events or omissions giving rise to the claims for relief occurred.

## III.    PARTIES

7.      Plaintiff Jerry Darst ("Plaintiff" or "Mr. Darst") is a natural person who is a resident of the State of Ohio.  Defendant Meigs County, Ohio employed Mr. Darst as a deputy sheriff from August 2, 2022 until Defendants fired him on July 15, 2023.

8.      Defendant Meigs County, Ohio ("Defendant Meigs County" or the "County") is a political subdivision of the State of Ohio.

9.      Defendant Scott Fitch ("Defendant Fitch") is a natural person who is a resident of the State of Ohio Ohio.  At all relevant times, Defendant Fitch was the elected sheriff of Meigs

County, Ohio.  Defendant Fitch was an individual responsible for, and/or who participated in, the adverse employment action(s) against Mr. Darst.

## IV.    FACTS

10.    On August 2, 2022, the County hired Mr. Darst as a deputy sheriff.

11.    At the time the County hired Mr. Darst, he was fifty-one years old.

12.    The decision to hire Mr. Darst was made by the elected sheriff at the time, who was Keith Wood.

13.    In January of 2023, however, Keith Wood resigned his position as sheriff and the County's commissioners appointed Defendant Fitch to replace him.

14.    Defendant Fitch consistently hired younger deputy sheriffs in their twenties or thirties.

15.    Defendant Fitch also made ageist comments to Mr. Darst.  For instance, Defendant Fitch mocked Mr. Darst as "old man."  Defendant Fitch also told Mr. Darst, "Don't you think it's about time to hang it up, old man?"

16.    Other deputies, including supervisors, witnessed these comments by Defendant Fitch and likewise made ageist comments to Mr. Darst.  For instance, they mocked Mr. Darst by calling him "old man" and "grandpa."  They also asked Mr. Darst if he was so old that he needed help crossing the street.  These comments were openly tolerated by Defendant Fitch.

17.    On or about July 15, 2023, Defendant Fitch fired Mr. Darst, alleging that his work performance had been "unsatisfactory."

18.    This was not true, and there was nothing unsatisfactory about Mr. Darst's work performance.  Instead, Defendant Fitch fired Mr. Darst because of his age.

19.     On September 15, 2023, Mr. Darst filed a charge of discrimination with the Ohio Civil Rights Commission (OCRC) and the Equal Employment Opportunity Commission (EEOC) alleging that Defendants terminated his employment because of his age.  The charge alleged the same facts and claims as those alleged in this Complaint.

<h3 style="text-align:center">V.     CLAIMS FOR RELIEF</h3>

<h3 style="text-align:center">COUNT I</h3>

**Violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq.
(Age Discrimination – Termination of Employment)**

**Against Defendant Meigs County**

20.     All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

21.     Plaintiff was at all relevant times an "employee" within the meaning of 29 U.S.C. § 630(f) and, consistent with 29 U.S.C. § 631, Plaintiff was at all relevant times aged 40 years or older.

22.     Defendant Meigs County was at all relevant times an "employer" within the meaning of 29 U.S.C. § 630(b).

23.     Defendant Meigs County violated 29 U.S.C. § 623(a) when it terminated Plaintiff's employment because of his age.

24.     As a proximate result of Defendant Meigs County's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

25.     Pursuant to 29 U.S.C. § 626(b) and 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in an amount to be determined at trial because Defendant Meigs County willfully violated 29 U.S.C. § 623(a) when it terminated Plaintiff's employment because of his age.

26.     Pursuant to 29 U.S.C. § 626(b) and 29 U.S.C. § 216(b), Plaintiff is entitled to reasonable attorneys' fees and costs incurred in pursuing Count I.

27.     Pursuant to 29 U.S.C. § 626(d), Count I is being filed sixty or more days after Plaintiff has filed a charge alleging unlawful discrimination with the Equal Employment Opportunity Commission.

## COUNT II

**Violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983**
**Equal Protection Clause of the Fourteenth Amendment to the United States Constitution**
**(Age Discrimination – Termination of Employment)**

**Against Defendant Fitch**

28.     All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

29.     Plaintiff was at all relevant times a "citizen of the United States or other person within the jurisdiction thereof" within the meaning of 42 U.S.C. § 1983.

30.     Defendant Fitch was, at all relevant times, "person[s]" within the meaning of 42 U.S.C. § 1983 because he is sued for prospective injunctive relief in his official capacity and for money damages in his individual capacity.

31.     Defendant Fitch acted under color of a statute, ordinance, regulation, custom, or usage of the State of Ohio and deprived Plaintiff of her rights, privileges, or immunities secured by the federal Constitution or federal law when he terminated Plaintiff's employment because of his age.  Alternatively, Plaintiff's age was a motivating factor in Defendant Fitch's decision to terminate Plaintiff's employment.

32.     As a proximate result of Defendant Fitch's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

33.     Plaintiff is entitled to punitive damages because Defendant Fitch was motivated by evil motive or intent or acted with reckless or callous indifference to Plaintiff's federally protected rights.

34.     Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count II.

### COUNT III

**Violation of Ohio Revised Code Chapter 4112
(Age Discrimination – Termination of Employment)**

**Against Defendant Meigs County**

35.     All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

36.     Plaintiff was at all relevant times an "employee" within the meaning of Ohio Revised Code Section 4112.01(A)(3).

37.     Plaintiff was at all relevant times at least forty years old within the meaning of Ohio Revised Code Section 4112.01(A)(14).

38.     Defendant Meigs County was at all relevant times an "employer" within the meaning of Ohio Revised Code Section 4112.01(A)(2).

39.     Defendant Meigs County violated Ohio Revised Code Chapter 4112 when it terminated Plaintiff's employment because of his age.  Alternatively, Plaintiff's age was a motivating factor in the decision by Defendant Meigs County to terminate Plaintiff's employment.

**COUNT IV**

**Violation of Ohio Revised Code Chapter 4112**
**(Aiding and Abetting Unlawful Discrimination and Retaliation)**

**Against Defendant Fitch**

40.     All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

41.     Plaintiff was at all relevant times an "employee" within the meaning of Ohio Revised Code Section 4112.01(A)(3).

42.     Defendant Fitch at all relevant times a "person" within the meaning of Ohio Revised Code Section 4112.01(A)(1).

43.     Defendant Fitch violated Ohio Revised Code Section 4112.02(J) when he aided, abetted, incited, compelled, or coerced the unlawful discrimination against Plaintiff set forth in this Complaint.

**VI.     PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment in his favor on all claims in this Complaint and requests the following relief:

A.     Economic compensatory damages in an amount to be determined at trial;

B.     Non-economic compensatory damages in an amount to be determined at trial;

C.     Liquidated, treble, punitive, or other exemplary damages in an amount to be determined at trial;

D.     Reinstatement or, in the alternative, front pay in an amount to be determined;

E.     Reasonable attorneys' fees incurred in pursuing the claims against Defendants;

F.     All costs and expenses incurred in pursuing the claims against Defendants;

G.     Pre- and post-judgment interest; and

H.      All other legal and equitable relief this Court and/or a jury determines is appropriate.

## VII.    JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all claims and issues that are triable.

Respectfully submitted,

By: /s/ Jason E. Starling
Jason E. Starling (Ohio Bar No. 0082619)
WILLIS SPANGLER STARLING
4635 Trueman Boulevard, Suite 200
Hilliard, Ohio 43026
Telephone: (614) 586-7915
Facsimile: (614) 586-7901
jstarling@willisattorneys.com

*Attorneys for Plaintiff Jerry Darst*